BRUCE A YOUNG, ESQ.
ATTORNEY FOR PLAINTIFFS
100 CHURCH STREET SUITE 800
NEW YORK, NEW YORK 10007
212-965-0050
BruceAYoung181@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------------

CARL FORBES;                                              PLAINTIFFS DEMAND
DESMOND WHITTINGHAM, and                                  A JURY TRIAL
JAMES WASHINGTON

                                    Plaintiffs,

        vs.                                               2016 CV

                                                          COMPLAINT

CITY OF NEW YORK; DWIGHT MARTIN, in his individual
capacity as NYPD Detective; DETECTIVE MORRIS, in his
individual capacity as NYPD Detective; JOHN DOE #1, in his
individual capacity as NYPD police officer; JOHN DOE #2 in his
individual capacity as NYPD police officer; WILLIAM J.
BRATTON, in his individual and official capacity as Police
Commissioner;

                                    Defendants.

----------------------------------------------------------------------------------

        Now come the Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES

WASHINGTON,  by their attorney Bruce A. Young, Esq., and file this Complaint against the

Defendants in their individual and official capacities and thereby respectfully show the Court as

follows:

## I. PRELIMINARY STATEMENT

        1.      This is a civil rights action in which Plaintiffs, CARL FORBES, DESMOND

WHITTINGHAM, and JAMES WASHINGTON seek relief to redress the deprivation, under

color of state law, for Defendants' violation of their rights, privileges, and immunities, secured

1

by 42 U.S.C. § 1983, the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United

States Constitution, and the Constitution and laws of the State of New York

2.      The Defendants in this action, the CITY OF NEW YORK ("CITY"), NEW YORK CITY

POLICE COMMISSIONER WILLIAM J. BRATTON ("Commissioner BRATTON "), DWIGHT

MARTIN Shield No. 2705, DETECTIVE MORRIS, JOHN DOE #1 and JOHN DOE #2, whose

names are  presently unknown, took unlawful actions and/or omissions that caused Plaintiffs' rights to be

violated. They have participated, implemented and are continuing to enforce, encourage and

sanction a policy, practice and/or custom of unconstitutional arrests and malicious prosecutions

without probable cause, through inadequate investigation and unreasonable seizures of persons

resulting in false arrest, false imprisonment and malicious prosecution, by the New York Police

Department ("NYPD") which are being done without probable cause as  required under the

Fourth Amendment.  All of the parties are New York City  residents, including Plaintiffs.

3.      The NYPD's widespread constitutional abuses have flourished as a result of, and

are directly and proximately caused by, policies, practices and/or customs devised, implemented

and enforced by the CITY, Commissioner BRATTON, who have acted with deliberate

indifference to the constitutional rights of those who would come into contact with NYPD

officers by: (a) failing to properly screen, train, and supervise NYPD officers, (b) inadequately

monitoring NYPD officers and their arrest policy ©) failing to sufficiently discipline NYPD

officers who engage in constitutional abuses, and (d) encouraging sanctioning and failing to

rectify the NYPD's unconstitutional practices.

2

4.      As a direct and proximate result of Defendants' policies, practice and/or customs. Plaintiffs have been subjected to unconstitutional unreasonable seizure and unconstitutional false arrest and false imprisonment and malicious prosecution by NYPD officers.

5.      Plaintiffs bring these claims under laws of the United States and the United States Constitution, and the Constitution and laws of the State of New York for violation of their rights, privileges and immunities.

6.      Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON, between June 15, 2015 and September 16, 2015, were victims of the implementation and continuing enforcement, encouragement and sanctioning of a policy, practice and/or custom of unconstitutional arrests without probable cause from inadequate investigation and without the reasonable articulable suspicion required under the Fourth Amendment.

7.      The Plaintiffs seek compensatory and punitive damages for themselves. The Plaintiffs seek an award of attorneys' fees and costs and such other relief as this Court deems equitable and just.

## II. JURISDICTION

8.      Jurisdiction is conferred on this Court under 28 U.S.C. § 1343(3) and (4), which provide for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983. Jurisdiction is also conferred on this court by 28 U.S.C. § 1331(a) because the case arises under the Constitution and the laws of the United States. Pursuant to 28 § U.S.C. 1367, this Court has pendent jurisdiction over Plaintiffs' state law claims.

### III. PARTIES

9.      Plaintiff CARL FORBES, at all times mentioned herein, is a resident of the CITY

of New York, County of Kings, and the Borough of Brooklyn.

10.     Plaintiff DESMOND WHITTINGHAM, at all times mentioned herein, is a resident

of the CITY of New York, County of Kings, and the Borough of Brooklyn.

11.     Plaintiff JAMES WASHINGTON, at all times mentioned herein, is a resident of the

CITY of New York, County of Kings, and the Borough of Brooklyn.

12.     Defendant CITY, is a municipal entity created and authorized under the laws of the State

of New York. It is authorized under the laws of the State of New York to maintain a police department,

the NYPD, which acts as its agent in the area of law enforcement and for which it is ultimately

responsible. The CITY assumes the risks incidental to the maintenance of a police force and the

employment of police officers. The NYPD's operations include the operations as described herein. On

information and belief, the law enforcement activities of the NYPD are funded, in part, with funds from

the federal government.

13.     Defendant WILLIAM J. BRATTON is and was, at all times mentioned herein, the Police

Commissioner for the CITY, and is and was responsible for, and the chief architect of, the policies,

practices and/or customs of the NYPD, a municipal agency of the CITY. He is and was, at all times

relevant herein, responsible for the hiring, screening, training, retention, supervision, discipline,

counseling and control of the police officers under his command who are or were employed by the

NYPD, including the Defendants named herein. He is sued individually and in his official capacity.

14.     Defendant DWIGHT MARTIN is, and/or was, at all times mentioned herein, is an

officer, employee and agent of the 63rd Precinct, Shield No. 27050, 63rd Command, NYPD, a

municipal agency of the CITY. He participated in the unlawful, unreasonable seizure, false arrest, false

imprisonment, and malicious prosecution and signed the misdemeanor complaint against the Plaintiffs

4

that included falsehoods. Defendant Police Officer DWIGHT MARTIN is sued in his individual capacity.

15.     Defendant DETECTIVE MORRIS, whose first name is presently unknown, is, and/or was, at all times mentioned herein, is an officer, employee and agent of the 63RD Precinct, NYPD, a municipal agency of the CITY.  DETECTIVE MORRIS is sued in his individual capacity.

16.     Defendant "JOHN DOE" #1, whose name is presently unknown, is, and/or was, at all times mentioned herein, is an officer, employee and agent of the NYPD, a municipal agency of the CITY. "JOHN DOE" is sued in his individual capacity.

17.     Defendant "JOHN DOE" #2, whose name is presently unknown, is, and/or was, at all times mentioned herein, is an officer, employee and agent of the NYPD, a municipal agency of the CITY. "JOHN DOE" is sued in his individual capacity.

## STATEMENT OF FACTS

18. The Plaintiffs, CARL FORBES and DESMOND WHITTINGHAM and JAMES WASHINGTON were acquaintances who lived and worked in Brooklyn. Each of the plaintiffs has worked on occasion doing construction and or handyman or manual labor.

19. CARL FORBES and DESMOND WHITTINGHAM are of a foreign national origin, having been born in Jamaica and having emigrated to the United States.

20. JAMES WASHINGTON is an African American male.

21. Plaintiffs CARL FORBES and JAMES WASHINGTON were acquaintances of Gary Everett and Lester Henry a/k/a Lenny.

22. At all times mentioned herein, Gary Everett and Lester Henry were property managers with

5

23. Part of the responsibilities of Gary Everett and Lester Henry, as property managers were to manage the vacant residential property located in the Borough of Brooklyn, County of Kings, and City and State of New York at 1690 E. 52nd Street, Brooklyn, New York.

24. On more than one occasion prior to June 15, 2015, in their capacity as property managers, Gary Everett and/or Lester Henry brought CARL FORBES to view the condition of the property at 1690 E. 52nd St. Brooklyn, New York to inspect and assess the property to make repairs.

25. Said residential property had been vacant for some time. There was no furniture or property inside, but there was obvious water damage from leaking pipes in the first floor and basement.

26. Gary Everett and Lester Henry's job as property mangers, in part, was to maintain the property and on occasion hire persons to effectuate repairs so the property would not deteriorate further while it remained vacant.

27. Prior to June 15, 2015, Gary Everett and/or Lester Henry had on several occasions asked CARL FORBES when he was not too busy with other work to take further actions to maintain and repair the property.

28. On or before June 15, 2016, Gary Everett and/or Lester Henry asked CARL FORBES and JAMES WASHINGTON to bring materials and tools to said property and further assess the current extent of damages and how imminent the leak needed repair.

29. CARL FORBES asked his friend, DESMOND WHITTINGHAM, to help him back on June 15, 2015 to act as a handyman man to carry sheetrock, tools and materials into the van, bring it to the location, and when needed, bring it into the house.

6

30. CARL FORBES, JAMES WASHINGTON, and DESMOND WHITTINGHAM arrived at the residential property at 1690 E. 52nd Street at approximately 6:00 p.m. on June 15, 2015. DESMOND WHITTINGHAM, who was there to carry materials, waited in or near the van while CARL FORBES and JAMES WASHINGTON went to the property .

31. CARL FORBES and JAMES WASHINGTON went to enter the property and the door was locked. CARL FORBES and or JAMES WASHINGTON made efforts, then, to call and contact Gary Everett or Lester Henry to gain entrance.

32. Since Gary Everett and/or Lester Henry were not immediately available to come to the property, and CARL FORBES and JAMES WASHINGTON were present and prepared to enter the property to determine how imminent the danger of further damage was progressing, LESTER and/or Lester Henry authorized the Plaintiffs to open the premises by opening the lock box that held the key near the front door. Permission was granted to obtain entry.

33. After obtaining permission, JAMES WASHINGTON pried open the key box using a screw driver and/or hammer in order to access the key to gain entry.

34. With implied and/or express permission from the property managers Gary Everett and or Lester Henry, Plaintiff JAMES WASHINGTON, utilizing the tools brought to make repairs - hammer, screw driver, plumbers wrench and temporary plumbers pipe - found a screw driver and hammer to open the key box so he could access the key to open the premises so plaintiffs could enter the property.

35. Once inside the property, CARL FORBES and JAMES WASHINGTON observed obvious water damage and flooding in the basement of the house and obvious damage and leaking and damaged walls, floors and ceiling in the kitchen.

36. DESMOND WHITTINGHAM remained outside with the van and materials while CARL FORBES and JAMES WASHINGTON went into the house to assess the damages, inspect and make repair estimates.

37. The plaintiffs CARL FORBES and JAMES WASHINGTON were inside the house long enough for CARL FORBES and JAMES WASHINGTON to inspect the kitchen upstairs and view the water damage down below in the basement to inspect and evaluate the current status of the leaking pipers and determine what materials were necessary to make repairs , and inspect the flooding in the basement.

38. While they were in the property, two police officers JOHN DOE #1 or JOHN DOE #2 arrived at the property at 1690 E. 52nd St. Brooklyn, New York.

39. Defendants MARTIN, MORRIS, JOHN DOE #1 and JOHN DOE #2, relying on the badge of state authority as police officers with the NYPD, although JOHN DOE #1 and JOHN DOE #2 were in plain clothes, there was an obvious display of their authority and an obvious display of firearms. They introduced themselves eventually as police officers and directed the Plaintiffs to obey their commands. They detained them and forced them to not move.

40. JOHN DOE #1 and JOHN DOE #2 directed Plaintiff DESMOND WHITTINGHAM onto the property and into the house that he had not yet entered. They pushed him.

41. JAMES WASHINGTON and CARL FORBES hearing someone enter the property, came upstairs from the basement.

42. When JAMES WASHINGTON and CARL FORBES saw the police officers, Defendant Police Officers JOHN DOE #1 and JOHN DOE #2 and others told Plaintiffs JAMES

8

WASHINGTON, CARL FORBES and DESMOND WHITTINGHAM to stand against the wall and do not move.

43.  It was obvious to anyone present on the property that the property was empty and there was nothing to steal.

44.  It was obvious to anyone that was present at the property at that time that there was water damage and repairs needed in the property.

45.  Plaintiffs CARL FORBES, JAMES WASHINGTON and DESMOND WHITTINGHAM attempted to tell the police officers the purpose of their entry to the property was with permission and to inspect and evaluate for repairs and make necessary repairs as necessary.

46.  Plaintiffs' attempts to communicate with police officers was deliberately disregarded by the police officers.  The disregard of the police officers was based on racial animus and unequal protection of the laws to those of a foreign national origin.  Plaintiffs urged the Defendants to contact the property managers Lester Henry and Gary Everett.  However, Defendant Police Officers did not take any reasonable and/or adequate steps to investigate or confirm the obvious and apparent damage in the property caused by water leaking and not by those individuals and to investigate and confirm the obvious need for repair and that these Plaintiffs were repairmen and not burglars or trespassers.

47.  Defendants did not ever take adequate steps to investigate and confirm the obvious and apparent authority that the Plaintiffs had for being on the premises.

48.  In open view, the Defendants MARTIN, MORRIS, JOHN DOE #1 and JOHN DOE #2 knew or should have known that the in plain view of said property was no personal property

9

and it was obvious from the leaks and general disrepair on the property that the property that needed repairs.

49. Through reasonable objective observation and minimal inquiry, it could readily be determined by a reasonable police officer that the Plaintiffs' tools and building materials were there for the purposes of building and repair and not for the purpose of burglary when there was nothing to take.

50. A reasonable police officer could not have inferred that there was an ongoing burglary or trespass from observation of the building materials and tools present at the scene.

51. At a minimum, Defendants MARTIN, MORRIS, JOHN DOE #1 and JOHN DOE #2 should have taken, under these circumstances, further inquiry to investigate obtaining seizing unlawfully, falsely arresting, falsely imprisoning, or maliciously prosecuting the Plaintiffs.

52. Instead of making a reasonable inquiry, or taking further steps to confirm what the Plaintiffs told them regarding the necessity of repairs and their purpose of being there with permission to make repairs, Defendants MARTIN, MORRIS, JOHN DOE #1 and JOHN DOE #2 continued to detain the Plaintiffs.

53. Plaintiffs indicated that the hammer, screw driver and other tools were there to make repairs and to obtain entry under those circumstances, instead of those making further inquiry, and from all the circumstantial evidence apparent, the Plaintiffs, instead of seeing if they were there as workmen trying to improve a situation, claimed that they were there for a burglary when there was nothing to rob and they were there trespassing when they had a legitimate purpose and consent from the to be on the premises from the property managers and those in control of the property.

10

54. Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON* were each then placed under arrest by Defendants MARTIN, MORRIS, JOHN DOE #1 and JOHN DOE #2 and handcuffed at approximately 6:30 p.m. on June 15, 2015.

54a. Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON were unlawfully seized by the Defendants MARTIN, MORRIS, DOE #1 and DOE #2 at the property at 1690 E. 52nd Street, Brooklyn New York and taken and detained at the Precinct NYPD in Brooklyn on June 15, 2015.

55. Defendants MARTIN, MORRIS, JOHN DOE #1 and JOHN DOE #2 brought the Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON* to the Precinct.

56. Gary Everett and/or Lester Henry brought authority and went to the Precinct to provide information.

57. But the police continued to hold Plaintiffs under arrest.

58. Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON on June 15, 2015, were seized, falsely arrested and falsely imprisoned and, remaining in custody, transferred to the local Precinct in Brooklyn. At or about the time the Plaintiffs were at the local Precinct in Brooklyn, Gary Everett and/or Lester Henry appeared and presented oral and written proof of the authority they had given the Plaintiffs to be present at the premises. Such information was deliberately disregarded and the Plaintiffs remained in police custody and became unlawfully seized, falsely arrested, falsely imprisoned and taken to Central Booking and then to Criminal Court, Kings County.

59. On or about June 16, 2016, Defendant Police Officer DWIGHT MARTIN signed a baseless Criminal Complaint knowing it was false and with deliberate disregard of the truth thereof in Criminal Court, Kings County against Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON on the grounds of Penal Law 140.35 Possession of Burglar's Tools; Penal Law 145.00(1) Criminal Mischief in the 4th Degree; Penal Law 140.10(A) Criminal Trespass in the 3rd Degree; and Penal 140.05 Trespass. Such complaint was filed knowing that the essential elements to prove the case were not met at the time of the signing of the complaint. Filing at the District Attorney's Office was commenced with reckless disregard for the truth from which animus and malice can be inferred when Defendant Police Officer DWIGHT MARTIN and, upon information and belief, Defendants DETECTIVE MORRIS and Police Officers JOHN DOE #1 and JOHN DOE #2 knew or should have known upon reasonable inquiry that the Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON all had permission to be on the premises to evaluate and effectuate repairs and had permission to break the padlock to gain entry to assess and stop the leak on the premises through owners and managers of the property whose job it was to maintain the property and who would ask Plaintiffs to assisted him in this regard.

60. Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON appeared in Brooklyn Criminal Court on June 17, 2015 were arrested.

61. Plaintiffs were released on their own recognizance, but despite that the property manager was in the courtroom and had been present at the police precinct the night before, informing them they had permission, the proceeding was continued unnecessarily maintaining a

12

baseless criminal proceeding between June 16, 2015 and September 16, 2015 at which time the

Complaints were summarily and unconditionally dismissed against each of the three Plaintiffs.

62.  Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES

WASHINGTON , in furtherance of their state law claims, each filed timely Notice of Claim

against the CITY OF NEW YORK in compliance with General Municipal Law, Section 50e.

More than thirty days have elapsed since service of said notice and the Defendant CITY OF

NEW YORK has not paid or adjusted the claim.

63. This action has been commenced within one year and ninety days after the happening

of the events upon which these claims arise.

### Failure to Properly Screen, Train and Supervise NYPD Officers

64.  Although fully aware that the work of the NYPD demands extensive training,

superior judgment and close supervision, the Defendants CITY and BRATTON failed to

properly screen, train and supervise NYPD officers, knowing that such failures would result in

Fourth and Fourteenth Amendment violations.

65.  The inadequate screening, training and supervision of the NYPD is a direct and

proximate cause of the NYPD's rampant unconstitutional unreasonable seizures, false arrests,

false imprisonments, and malicious prosecutions. As a direct and proximate result of the

defendants failure to screen, train and supervise officers including MARTIN, MORRIS, and

unknown NYPD officers DOE #1 and DOE #2, Plaintiffs CARL FORBES, DESMOND

WHITTINGHAM, and JAMES WASHINGTON were subjected to false arrest.

66.  By failing to properly screen, train and supervise, NYPD officers, the Defendant

CITY and Defendant BRATTON have acted recklessly and with deliberate indifference to the

13

constitutional rights of those who would come into contact with the NYPD, directly causing

violation of the Plaintiff's constitutional rights

### Failure to Monitor and Discipline NYPD Officers

67. The NYPD's widespread abuses are a direct and proximate result of the failure of

Defendant CITY and Defendant BRATTON to properly and adequately monitor, discipline and

take necessary corrective action against NYPD officers who engages in, encourage or conceal

unconstitutional practices. Inter alia, these Defendants knowingly, deliberately and recklessly

have failed:

> (a) to take appropriate disciplinary action and corrective measures against NYPD officers who have engaged in unreasonable seizure, false arrest, false imprisonment, and malicious prosecution.
> (b) to adequately monitor NYPD officers who have incurred a substantial number of civilian complaints, even in instances where the number of complaints should have triggered monitoring under established departmental guidelines;
> (c) to devise and implement appropriate oversight, disciplinary and remedial measures in the face of extensive evidence that no charges are brought against the overwhelming majority of pe9rsons subjected to unreasonable seizure, false arrest, false imprisonment, and malicious prosecution.
> (d) to conduct adequate auditing to determine if the unreasonable seizures, false arrests, false imprisonments, and malicious prosecutions conducted by NYPD officers comply with the NYPD's written policy prohibiting unreasonable seizures, false arrests, false imprisonments, and malicious prosecutions that are not based upon reasonable suspicion and use race and/or national origin as the determinative factor in initiating police action;;
> (e) to take sufficient corrective and remedial action against NYPD officers who provide fabricated, false, or impermissible justifications for unreasonable seizures, false arrests, false imprisonments, and malicious prosecutions; and
> (f) to take sufficient corrective, disciplinary and remedial action to combat the so-called "blue wall of silence," wherein NYPD officers regularly conceal or fail to report police misconduct, *inter alia*, in sworn testimony, official reports, statement to the Civilian Complaint Review Board (CCRB) and the Internal Affairs Bureau, and in public statements.

68. Defendant CITY and Defendant BRATTON failed to properly and adequately

monitor, discipline and take necessary corrective action against NYPD officers, knowing that

14

such omissions would lead to Fourth and Fourteenth Amendment violations. By such acts and omissions, the CITY and BRATTON have acted recklessly and with deliberate indifference to the constitutional rights of those who would come into contact with the NYPD.

<strong>Encouraging, Sanctioning and Failing to Rectify the NYPD's<br>Unreasonable Seizures, False Arrests, False imprisonments, and Malicious Prosecutions</strong>

69. With the knowledge that such acts and omissions would create a likelihood of Fourth and Fourteenth Amendment violations, the CITY and Commissioner BRATTON also have encouraged, sanctioned and failed to rectify the NYPD's abusive and unconstitutional practices.

70. For example, Defendants, on information and belief, have enacted and enforced unwritten "productivity standards" or de facto quotas of a certain number of arrests and specific types of arrests per month for each NYPD officer. On information and belief, NYPD officers who fail to meet the productivity standards face adverse employment consequences.

71. In their efforts to satisfy the productivity standards, NYPD officers have engaged in widespread unreasonable seizures, false arrests, false imprisonments, and malicious prosecutions of individuals.

72. As a direct and proximate result of the above policies, practices and/or customs, Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON were subjected to unconstitutional unreasonable seizure, false arrest, false imprisonment, and malicious prosecution by NYPD officers, were harassed and intimidated, simply because they happened to be the wrong color, in the wrong place, at the wrong time. Through such acts and omissions, the CITY and Commissioner BRATTON have acted recklessly and with deliberate

15

indifferent to the constitutional rights of Plaintiffs CARL FORBES, DESMOND

WHITTINGHAM, and JAMES WASHINGTON .

## **DAMAGES**

73. Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAME

WASHINGTON's civil rights were violated by each of the Defendants.

74. Plaintiffs were unreasonably seized, unreasonably stopped, unreasonably detained

and falsely arrested and falsely imprisoned and a baseless criminal proceeding was commenced

against them without probable cause.

75. As a result of these violations of their civil rights, Plaintiffs suffered mental anguish,

psychological harm, fear, depression, physical pain and suffering, terror, nightmares and

otherwise testified physical and psychological injuries as well as the independent violation of

each of the Plaintiffs' civil rights protected under the Federal Constitution and under the New

York State Common Law and the New York State Constitution.

76. As a direct and proximate cause and because of the aforesaid violations of law and

violations of the civil rights of the Plaintiffs, CARL FORBES, DESMOND WHITTINGHAM,

and JAMES WASHINGTON, including their federal and state civil rights and common law

rights, CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON were

caused to suffer damages and violations of their civil rights and personal injuries including:

physical injury, mental anguish, terror, pain, suffering, anxiety, fear, depression, sleeplessness,

nightmares, shock necessitating treatment, which resulted in immediate and future pain and

suffering.

77. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the

Plaintiff CARL FORBES has been damaged in the amount of SEVEN HUNDRED FIFTY

THOUSAND DOLLARS ($750,000.00).

78.   Accordingly, because of the aforesaid acts and/or omissions of the defendants, the

Plaintiff DESMOND  DESMOND WHITTINGHAM has been damaged in the amount of

SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

79.   Accordingly, because of the aforesaid acts and/or omissions of the defendants, the

Plaintiff JAMES WASHINGTON  has been damaged in the amount of SEVEN HUNDRED

FIFTY THOUSAND DOLLARS ($750,000.00).

## FIRST CLAIM
### (Claims of Plaintiffs Pursuant 42 U.S.C § 1983 Against All Defendants for Violations of the Fourth Amendment)

80.   Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES

WASHINGTON repeat and re-allege paragraphs 1 through 79 above as if fully set forth herein.

81.   Defendants CITY, BRATTON, MARTIN, MORRIS, DOE #1 and DOE #2, and

other unknown Defendants have implemented, enforced, encouraged and sanctioned a policy,

practice and/or custom of unreasonable seizure, false arrest, false imprisonment, and malicious

prosecution, resulting in the unreasonable seizure, false arrest, false imprisonment, and malicious

prosecution of Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES

WASHINGTON  without the probable cause required by the Fourth Amendment.

82.   Defendants CITY, BRATTON, MARTIN, MORRIS, DOE #1 and DOE #2, NYPD's

constitutional abuses and violations were, and are, directly and proximately caused by policies,

practices and/or customs devised, implemented, enforced, encouraged and sanctioned by

Defendant CITY, Defendant BRATTON, and Defendants MARTIN, MORRIS, DOE #1, and DOE #2, and other unknown Defendants, including (a) the failure to adequately and properly screen, train, and supervise NYPD officers; (b) the failure to properly and adequately monitor and discipline NYPD officers; and (c) the overt and tacit encouragement and sanctioning of, and the failure to rectify, the NYPD's unreasonable seizures, false arrests, false imprisonments, and malicious prosecutions.

83. Each of the Defendants CITY, BRATTON, MARTIN, MORRIS, DOE #1, and DOE #2, and unknown Defendants have acted with deliberate indifference to the Fourth Amendment rights of the Plaintiffs. As a direct and proximate result of the acts and omissions of each of the Defendants, the Fourth Amendment rights of the Plaintiffs have been violated. By acting under color of state law to deprive the Plaintiffs of their rights under the Fourth Amendment. Plaintiffs seek remedy and redress for Defendants' violation of rights pursuant to 42 U.S.C. § 1983 for compensatory damages and attorneys fees.

84. Defendants' policy and practices result in the NYPD targeting Black and/or individuals of foreign nationality for unreasonable seizure, false arrest, false imprisonment, and malicious prosecution. Moreover, because Defendants' policies, practices and/or customs subjected the Plaintiffs to an unreasonable seizure, false arrest, false imprisonment, and malicious prosecution without probable cause, likely on the basis of race and/or national origin, the Plaintiffs cannot alter their behavior to avoid future violations of their constitutional and civil rights at the hands of the NYPD.

85. As a direct and proximate result of the above mentioned acts, the Plaintiffs have suffered injuries and damages and have been deprived of their rights under the civil rights laws.

18

86. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff CARL FORBES has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

87. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff DESMOND  DESMOND WHITTINGHAM has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

88. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff JAMES WASHINGTON  has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

### SECOND CLAIM
**(Claims of Plaintiffs Pursuant to 42 U.S.C. § 1983 Against All Defendants for Violation of Equal Protection Clause**

89. Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON repeat and re-allege paragraphs 1 through 88 as if fully set forth herein.

90. Defendants CITY, BRATTON, MARTIN, DOE #1, DOE #2, and other unknown Defendants have implemented and enforced a policy, practice and/or custom of unreasonable seizure, false arrest, false imprisonment, and malicious imprisonment with regards to CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON without the probable cause required by the Fourth Amendment and based solely on their race and/or national origin. These unreasonable seizures, false arrests, false imprisonments, and malicious prosecutions have and are being conducted predominantly on the basis of racial and/or national origin profiling. As a result, the NYPD's policy, practice and/or custom of unreasonable seizure, false arrest, false

19

imprisonment, and malicious prosecution violates the Equal Protection Clause of the Fourteenth

Amendment. The NYPD's constitutional abuses were and are directly and proximately caused by

policies, practices and/or customs devised, implemented, enforced, encouraged, and sanctioned

by the Defendants CITY, BRATTON, MARTIN, MORRIS, DOE #1, and DOE #2, and other

unknown Defendants, including: (a) the failure to adequately and properly screen, train, and

supervise NYPD officers; (b) the failure to properly and adequately monitor and discipline

NYPD officers; and (c) the encouragement and sanctioning of, and the failure to rectify, the

NYPD's use of racial and/or national origin profiling in unreasonable seizures, false arrests, false

imprisonments, and malicious prosecutions.

91.  Each of the Defendants, Defendants CITY, BRATTON, MARTIN, MORRIS, DOE

#1 and DOE #2, have acted with deliberate indifference to the Fourteenth Amendment rights of

the Plaintiffs. As a direct and proximate result of the aforesaid acts and omissions of the

Defendants and each of them, the Fourteenth Amendment rights of the Plaintiffs have been

violated. By their acts and omissions, Defendants have acted under color of state law to deprive

the Plaintiffs of their Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

92.  Moreover, because Defendants' policies, practices and/or customs subjected the

Plaintiffs to unreasonable seizure, false arrest, false imprisonment, and malicious prosecution

without probable cause, on the basis of race and/or national origin, the Plaintiffs cannot alter

their behavior to avoid future violations of their constitutional rights at the hands of the NYPD.

93.  As a direct and proximate result of the above mentioned acts, the Plaintiffs have

suffered injuries and damages and have been deprived of their rights under the civil rights laws.

94.  Accordingly, because of the aforesaid acts and/or omissions of the defendants, the

20

Plaintiff CARL FORBES has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

95. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff DESMOND DESMOND WHITTINGHAM has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

96. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff JAMES WASHINGTON has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

### THIRD CLAIM
**(Claims of Plaintiffs under Title VI of the Civil Rights Act of 1964,**
**42 U.S.C. § 2000(d), *et seq.* Against the CITY)**

97. Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON repeat and re-allege paragraphs 1 through 96 as if fully set forth herein.

98. The law enforcement activities described in this complaint have been funded, in part, with federal funds.

99. Discrimination based on race in the law enforcement activities and conduct described herein is prohibited under 42 U.S.C. § 2000(d), *et seq.* The acts and conduct complained of herein by the Defendants were motivated by racial animus and/or xenophobia and/or prejudice with regards to national origin.

100. As a direct and proximate result of the above mentioned acts, the Plaintiffs have suffered injuries and damages and have been deprived of their rights under the civil rights laws.

101. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the

Plaintiff CARL FORBES has been damaged in the amount of SEVEN HUNDRED FIFTY

THOUSAND DOLLARS ($750,000.00).

102.   Accordingly, because of the aforesaid acts and/or omissions of the defendants, the

Plaintiff DESMOND  DESMOND WHITTINGHAM has been damaged in the amount of

SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

103.   Accordingly, because of the aforesaid acts and/or omissions of the defendants, the

Plaintiff JAMES WASHINGTON  has been damaged in the amount of SEVEN HUNDRED

FIFTY THOUSAND DOLLARS ($750,000.00).


### FOURTH CLAIM
**(Plaintiffs' Claims Against the CITY, Commissioner BRATTON and
Pursuant to 42 U.S.C. § 1983)**

104.   Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES

WASHINGTON repeat and re-allege paragraphs 1 through 103 as if fully set forth herein.

105.   Defendants CITY and BRATTON and  have directly and proximately caused the

NYPD's policy, practice and/or custom of suspicionless unreasonable seizures, false arrests, false

imprisonments, and malicious prosecutions in violation of the Fourth and Fourteenth

Amendments, with deliberate indifference to the constitutional rights of the Plaintiffs by

devising, implementing, enforcing, adopting, sanctioning and ratifying a policy, practice and/or

custom of: (a) failing to properly screen, train, and supervise NYPD officers (b) failing to

adequately monitor and discipline the NYPD and its officers; and (c) encouraging, sanctioning

and failing to rectify the NYPD's constitutional abuses.

106.   As a direct and proximate result of the aforesaid acts and omissions, Defendants

22

CITY and BRATTON, have both deprived the Plaintiffs of their Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983, thus, entitling Plaintiffs to an award of compensatory damages.

107. The acts and omissions of Defendants CITY and BRATTON explained herein were intentional, wanton, malicious, reckless and oppressive, thus, entitling Plaintiffs to an award of compensatory damages. In engaging in such conduct, Defendants CITY and BRATTON acted beyond the scope of their jurisdiction, without authority under law, and in abuse of their powers.

108. As a direct and proximate result of the above mentioned acts, the Plaintiffs have suffered injuries and damages and have been deprived of their rights under the civil rights laws.

109. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff CARL FORBES has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

110. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff DESMOND DESMOND WHITTINGHAM has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

111. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff JAMES WASHINGTON has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

**FIFTH CLAIM**
**(Violation of Plaintiff's Rights Under New York Law)**

112.  Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES

WASHINGTON repeat and re-allege paragraphs 1 through 111 as if fully set forth herein.

113.  By the actions described above, Defendants CITY, BRATTON, MARTIN,

MORRIS, DOE #1, and DOE #2, and other unknown Defendants, jointly and/or severally, have

committed the following wrongful acts against the Plaintiff, which are tortious under the

Constitution and laws of the State of New York:

a)   unreasonable seizure of their person;

b)   unreasonable detention and delay;

c)   false arrest;

d)   false imprisonment;

e)   malicious prosecution;

f)   negligence; and

g)   violation of rights otherwise guaranteed under the Constitution and the laws of the
     State of New York

114.  In addition, Defendants CITY, BRATTON, MARTIN, MORRIS, DOE #1, AND

DOE #2, and other unknown Defendants, were negligent in their hiring, screening, training,

supervision and retention of Defendants MARTIN, MORRIS, and DOE, and other unknown

Defendants.

115.  The foregoing acts and conduct of Defendants were a direct and proximate cause of

injury and damage to the Plaintiffs and violated the statutory and common law rights as

24

guaranteed by the Constitution and laws of the State of New York.

116. As a direct and proximate result of the above mentioned acts, the Plaintiffs have suffered injuries and damages and have been deprived of their rights under the civil rights laws.

117. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff CARL FORBES has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

118. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff DESMOND DESMOND WHITTINGHAM has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

119. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff JAMES WASHINGTON has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

### SIXTH CLAIM
**(Respondent Superior Claim Against the CITY Under New York Common Law)**

120. Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON repeat and re-allege paragraphs 1 through 119 as if fully set forth herein.

121. The conduct of Officers MARTIN, MORRIS, DOE #1, and DOE #2, and other unknown Defendants occurred while they were on duty, in and during the course and scope of their duties and functions as New York CITY police officers, and while they were acting as agents and employees of Defendant CITY. As a result, Defendant CITY is liable to Plaintiffs under the doctrine of Respondent superior.

122. As a direct and proximate result of the above mentioned acts, the Plaintiffs have

25

suffered injuries and damages and have been deprived of their rights under the civil rights laws.

123.  Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff CARL FORBES has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

124.  Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff DESMOND  DESMOND WHITTINGHAM has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

125.  Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff JAMES WASHINGTON  has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

### SEVENTH CLAIM
### (False Arrest)

126.  Paragraphs 1 through 125 are realleged and incorporated by reference herein.

127.  By their conduct, Defendants, acting under color of state law, deprived Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON from their right to be free from false arrest, false imprisonment and unlawful seizure of their person when on or about June 15, 2015, CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON were falsely arrested by Defendants.

128.  Defendants' actions caused the violation of Plaintiff's rights under the U.S. Constitution and under federal and state law and resulted in the damage claims set forth above.

129.  Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON claim damages for the injuries as set forth above.

26

130. As a direct and proximate result of the above mentioned acts, the Plaintiffs have suffered injuries and damages and have been deprived of their rights under the civil rights laws.

131. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff CARL FORBES has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

132. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff DESMOND DESMOND WHITTINGHAM has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

133. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff JAMES WASHINGTON has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).



27

## EIGHTH CLAIM
**False imprisonment**

134. Paragraphs 1 through 133 are realleged and incorporated by reference herein.

135. That Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON were unlawfully detained between approximately 6:30 p.m. on June 15, 2015 until approximately 12:30 a.m. on June 17, 2015, and were confined and were not free to leave. The false imprisonment was without probable cause and was an unreasonable seizure of Plaintiffs based as an inadequate investigation.

136. The acts and/or omissions of the Defendants caused the false confinement and/or restraint on Plaintiff.

137. As a direct and proximate result of the above mentioned acts, the Plaintiffs have suffered injuries and damages and have been deprived of their rights under the civil rights laws.

138. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff CARL FORBES has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

139. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff DESMOND  DESMOND WHITTINGHAM has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

140. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff JAMES WASHINGTON  has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

## NINTH CLAIM
### Violation of 4th Amendment: Unreasonable Seizure

141. Paragraphs 1 through 81 are realleged and incorporated by reference herein.

142. The Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON had a constitutional right to be free from unreasonable seizures of their persons. Plaintiff's rights were violated, without probable cause, by the Defendants in violation of their Constitutional rights and resulted thereafter in the false seizure of the Plaintiff's person and continuing false imprisonment in violation of their U.S. Constitutional rights under the Fourth Amendment.

143. As a direct and proximate result of the above mentioned acts, the Plaintiffs have suffered injuries and damages and have been deprived of their rights under the civil rights laws.

144. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff CARL FORBES has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

145. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff DESMOND DESMOND WHITTINGHAM has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

146. Accordingly, because of the aforesaid acts and/or omissions of the defendants, the Plaintiff JAMES WASHINGTON has been damaged in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs CARL FORBES, DESMOND WHITTINGHAM, and JAMES WASHINGTON respectfully requests that Judgment be entered against all of the Defendants jointly and severally:

A.     Awarding Plaintiff CARL FORBES, compensatory damages in the amount of SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) on all claims.

B.  Awarding Plaintiff DESMOND WHITTINGHAM  compensatory damages in the amount of SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) on all claims.

C.  Awarding Plaintiff JAMES WASHINGTON  compensatory damages in the amount of SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) on all claims.

D. Awarding Each Plaintiff punitive damages against the defendants.

E.     Awarding Plaintiffs interest on their claims from June 15, 2015.

F.     Awarding Plaintiffs reasonable attorneys fees pursuant to 42 USCS 1988.

G.     Awarding  Plaintiffs costs and disbursements of this action.

H.     Awarding such other and further relief as the court deems just and proper.

Respectfully submitted,

New York, New York
May 31, 2016

BRUCE A. YOUNG, ESQ. (BY6798)
Law Office of Bruce A. Young
Attorney for Plaintiffs
FORBES, WHITTINGHAM, WASHINGTON
100 Church Street, Suite 800
New York, New York 10007
(212) 965-0050

30

To:    Defendants

CITY OF NEW YORK
NYC Corporation Counsel
100 Church Street
New York, NY 10007

DWIGHT MARTIN, Police Officer NYPD
1 Police Plaza
New York, NY 10007
and
63rd Precinct NYPD
1844 Brooklyn Avenue,
Brooklyn, NY 11210

DETECTIVE MORRIS NYPD
1 Police Plaza
New York, NY 10007
and
63rd Precinct NYPD
1844 Brooklyn Avenue,
Brooklyn, NY 11210

JOHN DOE #1 Police Officer NYPD
1 Police Plaza
New York, NY 10007
and
63rd Precinct NYPD
1844 Brooklyn Avenue,
Brooklyn, NY 11210

JOHN DOE #2 Police Office NYPD
1 Police Plaza
New York, NY 10007
and
63rd Precinct NYPD
1844 Brooklyn Avenue,
Brooklyn, NY 11210

POLICE COMMISSIONER WILLIAM J. BRATTON
1 Police Plaza
New York, NY 10007

31