UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
CARL FORBES, JAMES WASHINGTON,
and DESMOND WHITTINGHAM,

        Plaintiffs,

16 CV 2751 (SJ) (SJB)

MEMORANDUM
AND ORDER

    -against-

THE CITY OF NEW YORK, et al.

        Defendants.
----------------------------------------------------X

A P P E A R A N C E S

LAW OFFICES OF BRUCE A. YOUNG
100 Church Street #800
New York, NY 10007
By:    Bruce A. Young
*Attorney for Plaintiffs*

NEW YORK CITY LAW DEPARTMENT
100 Church Street
New York, NY 10007
By:    Ashley Rebecca Garman
*Attorneys for Defendants*

JOHNSON, Senior District Judge:

Plaintiffs Carl Forbes, James Washington and Desmond Whittingham (collectively, "Plaintiffs") bring this action against Defendants City of New York and New York City Police Department Officers Dwight Martin and Jordan Lomba, in their individual capacities, pursuant to 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. and New York State law. Presently before the Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Based on the submissions of the parties,[1] and for the reasons stated below, the Defendants' motion is GRANTED.

## BACKGROUND

Plaintiffs failed to oppose Defendant's motion for summary judgment by the ordered date, and have since failed to file any opposition or explanation with

---

[1] On September 6, 2017, the Court set a briefing scheduling for Defendants' Rule 56 motion for summary judgment that directed Defendants to serve their motion on Plaintiffs by September 18, 2017. Plaintiffs' opposition was due to be served on Defendants by October 5, 2017, and Defendants' reply, along with the fully briefed motion, was due to be filed by October 12, 2017. (See Sept. 6, 2017 DE.) On October 5, 2017 at 4:56 p.m., Plaintiffs filed a motion seeking to extend the due date of their opposition from that day, October 5, to October 10, 2017.
(See Dkt. No. 25.) The Court denied this motion on October 6, 2017.
(See Oct. 6, 2017 DE.) On October 12, 2017, Defendants filed their motion for summary judgment. (See Dkt. Nos. 27–32.) Defendants wrote that they timely served their moving papers on Plaintiffs, and that Plaintiffs did not serve Defendants with an opposition, either by the Court-imposed deadline imposed or after the Court denied Plaintiffs' application for an extension of time, or at all.
(See Dkt. No. 32.)

the Court. Because of this, the Court considers Defendants' motion for summary judgment as unopposed.

Plaintiffs have further both failed to submit a statement of undisputed facts pursuant to Local Rule 56.1, and identify any paragraphs in Defendants' Local Rule 56.1 Statement that are not supported by citations to admissible evidence. "A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible." Oka v. County of Suffolk, 2015 WL 918762, at *2 n.2 (E.D.N.Y. Mar. 2, 2015) (quoting T.Y. v. N.Y.C. Dep't of Educ., 584 F.3d 412, 418 (2d Cir. 2009)). The Court therefore notes the following facts of this case that are supported by the record and undisputed.

On June 15, 2015, at approximately 6:00 p.m., Plaintiffs Carl Forbes and James Washington broke the padlock on the front door of a vacant and foreclosed residential property located at 1690 East 52nd Street in Brooklyn, New York (the "Property"). Forbes and Washington entered the property; Plaintiff Desmond Whittingham remained in a van parked outside the Property. Plaintiffs are black men.

Shortly thereafter, a neighbor called 911 and reported seeing three black men drive up to the Property and break the padlock on the front door using a hammer. The neighbor also provided a description of what one of the men was wearing. New York City Police Department Officers Dwight Martin ("Martin")

and Jordan Lomba, with others, responded. Plaintiffs told Martin that they were at the Property to do work for Lester Henry, and that he had given them permission to break the padlock to enter. Martin spoke with a man that Forbes identified as Henry on the phone, who confirmed Plaintiffs' account. However, Henry did not provide an answer when asked what his relationship to the Property was, and hung up when asked to come to the Property and provide documentation as to his authority to permit Plaintiffs entry.

Martin then spoke with the neighbor that called 911, who told Martin that he saw the padlock installed earlier that day, and later saw three black men breaking the padlock and entering the Property. At the scene, Martin found a piece of paper affixed to the outside of the Property bearing a company name and phone number. Martin dialed the number, and reached an employee who represented that he was a manager at Ocwen Financial Corporation, a bank that foreclosed on the Property. The employee told Martin that no one gave permission to break to padlock or enter the Property.

Martin ultimately arrested Plaintiffs based upon the aforementioned witness reports and his own firsthand observations. Plaintiffs were charged with various state crimes relating to breaking and entering. All criminal charges were dismissed on Speedy Trial grounds three months later.

## STANDARD OF REVIEW

It is well-settled that a party moving for summary judgment has the burden of establishing that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003). Material facts are those that may affect the outcome of the case. See Anderson, 477 U.S. at 248. An issue of fact is considered "genuine" when a reasonable finder of fact could render a verdict in favor of the nonmoving party. Id.

In considering a summary judgment motion, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson, 477 U.S. at 248). If the Court recognizes any material issues of fact, summary judgment is improper, and the motion must be denied. See Anthony v. City of New York, 339 F.3d 129, 134 (2d Cir. 2003). If the moving party discharges its burden of proof under Rule 56(c), the nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Federal Rule of Civil Procedure 56 does not embrace default principles. "Even when a motion for summary judgment is unopposed, the district court is not

relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."  Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004).  "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied <u>even if no opposing evidentiary matter is presented.</u>"  Id. at 244 (citation and quotation marks omitted) (emphasis in original).  Summary judgment is appropriate when "no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight[ that] there is no genuine issue of material fact."  Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224 (2d Cir. 1999).

## DISCUSSION

### A. Plaintiffs' Claims Against the Individual Officer Defendants

Plaintiffs bring false arrest and imprisonment, malicious prosecution and Equal Protection claims against the Officer Defendants pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.  These claims fail as a matter of law.

The existence of probable cause to arrest constitutes justification and is a complete defense to an action for constitutional- or state-based false arrest and imprisonment claims.  See, e.g., Betts v. Shearman, 751 F.3d 78, 82 (2d Cir. 2014); Jaegly v. Couch, 439 F. 3d 149, 151 (2d Cir. 2006).  Probable cause to arrest is established when the arresting officer has "knowledge or reasonably trustworthy

information of facts and circumstances that are sufficient in themselves to warrant a person of reasonable caution in the belief that (1) an offense has been or is being committed (2) by the person to be arrested." United States v. Ceballos, 812 F.2d 42, 50 (2d Cir. 1987) (citation and quotation marks omitted). In determining whether probable cause existed for an arrest, the Court considers the "facts available to the officer at the time of the arrest and immediately before it." Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (cleaned up). The existence of probable cause to arrest for any crime renders an arrest lawful. See Jaegly, 439 F.3d 149, 154 (2d Cir. 2006).

There is no question that Martin had probable cause to arrest Plaintiffs based upon information he gathered from the two witnesses and his own firsthand observations. It is well-established that witness accounts provide probable cause to arrest unless the circumstances raise doubts as to the witness's veracity. See, e.g., Curley v. Village of Suffern, 268 F. 3d 65, 69–70 (2d Cir. 2001). Here, the undisputed facts show that Martin arrested Plaintiffs after receiving information from two witnesses that Plaintiffs entered the Property without permission. These witness statements were corroborated by Martin's firsthand observations of an unmarked van parked outside the Property that matched the neighbor's description; three black men, one attired in a way matching the neighbor's description; a padlock and hammer on the ground near the open front door at the Property; Whittingham's presence in the van parked outside the Property; and Forbes and

Washington's presence inside the Property. The fact that the man who identified himself as Lester Henry stated that Plaintiffs had permission to enter the Property does not serve to negate the existence of probable cause to arrest, as it is well-settled that probable cause exists even where police officers are presented with conflicting accounts. See, e.g., id. at 70. Further, Henry's failure to provide an answer as to his relationship to the Property, and the fact that he hung up when asked to come to the Property and provide documentation as to his authority there, undermines both his account and his veracity as a witness, negating any such conflict.

As Martin had probable cause to arrest Plaintiffs, their false arrest and imprisonment claim necessarily fails as a matter of law. For this same reason, their malicious prosecution and equal protection claims fail as a matter of law in this case. See Sullivan v. City of New York, 690 Fed. App'x 63, 67 (2d Cir. 2017) ("The summary judgment submissions revealed that the officers had probable cause to arrest [plaintiff], which negated [plaintiff's] claims of false arrest, malicious prosecution, false imprisonment, and abuse of process."); Mesa v. City of New York, 2013 WL 31002, at *25 (S.D.N.Y. Jan. 3, 2013) (finding that the existence of probable cause for arrest precludes an equal protection claim as it provides a legitimate reason for differential treatment). Accordingly, summary judgment is granted as to these claims.

### B. Plaintiffs' Claims Against the City of New York

#### 1. Plaintiffs' Civil Rights Act Claim

Plaintiffs allege that their arrests were "motivated by racial animus and/or xenophobia and/or prejudice with regards to national origin," in violation of Title VI of the Civil Rights Act of 1964. (First Am. Compl. ¶ 99.) But "Title VI was not intended to remedy instances of unreasonable [searches and] seizures" that occurred "in violation of the Fourth Amendment." McClanahan v. Kelly, 2014 WL 1317612, at *2 n.3 (S.D.N.Y. Mar. 31, 2014) (alteration in original). Accordingly, summary judgment is granted as to Plaintiffs' Title VI claim.

#### 2. Plaintiffs' Monell Claim

A municipality may not be held liable under section 1983 for alleged unconstitutional actions by its employees below the policy-making level solely upon the basis of respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Rather, to impose section 1983 liability on a municipality a plaintiff must "plead and prove . . . (1) an official policy or custom that (2) cause[d] the plaintiff to be subjected to [the] (3) denial of a constitutional right." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (citation and quotation marks omitted).

Plaintiffs generally allege that the City of New York has a policy, practice and/or custom of unconstitutional seizures, arrests, imprisonments and prosecutions. (First Am. Compl. ¶¶ 104–08.) However, Monell does "not create a

stand-alone cause of action under which a plaintiff may sue over a governmental policy, regardless of whether he suffered the infliction of a tort resulting from the policy. Liability under section 1983 is imposed on the municipality when it has promulgated a custom or policy that violates federal law and, pursuant to that policy, a municipal actor has tortiously injured the plaintiff." Askins v. Doe No. 1, 727 F.3d 248, 253 (2d Cir. 2013) (citing Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006)) (emphasis added). "Establishing the liability of the municipality requires a showing that the plaintiff suffered a tort in violation of federal law committed by the municipal actors[.]" Id. Here, because Plaintiffs cannot establish the existence of any tort, they cannot establish municipal liability against the City of New York. See Segal, 459 F.3d at 219.

### C. Plaintiffs' State Law Claims

As there are no more federal claims for trial, the Court dismisses Plaintiffs' state law claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003).

## **CONCLUSION**

For the aforementioned reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of the Court is directed to enter judgment in accordance with this order and close this case.

SO ORDERED.

Dated: April 19, 2018  /s/
      Brooklyn, New York   Sterling Johnson, Jr., U.S.D.J.